| | | |
|---|---|---|
| Cynthia F. Stevenson | * | IN THE |
| 2423 Bolton Lane | | |
| Crofton, MD 21114 | * | UNITED STATES DISTRICT |
| | | |
| Plaintiff, | * | COURT |
| | | |
| v. | * | FOR THE |
| | | |
| Jacob J. Lew, Secretary of the Treasury | * | DISTRICT OF COLUMBIA |
| U.S. Department of the Treasury | | |
| (Internal Revenue Service) | * | |
| 1500 Pennsylvania Avenue, NW | | |
| Washington, D.C. 20220 | * | |
| | | |
| Defendant. | | |
| | * | |
| Serve on: | | |
| | * | |
| United States Attorney's Office | | |
| Civil Process Clerk | * | |
| 555 4th Street, NW | | |
| Washington, DC 20530 | * | Case No.: |
| | | |
| AND | * | |
| | | |
| United States Attorney General | * | |
| U.S. Department of Justice | | |
| 950 Pennsylvania Avenue, NW | * | |
| Washington, DC 20530 | | |
| | * | |
| AND | | |
| | * | |
| Jacob J. Lew, Secretary (official capacity) | | |
| U.S. Department of the Treasury | * | |
| 1500 Pennsylvania Avenue, NW | | |
| Washington, D.C. 20220 | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

Cynthia F. Stevenson, by and through her attorneys, Paul V. Bennett, Esq. and Bennett

and Ellison, P.C., hereby sues Jacob J. Lew, Secretary (official capacity), U.S. Department of

Treasury (hereinafter referred to as "Dept. of Treasury") and states as follows:

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42

        U.S.C. §§ 2000e, *et seq.* (hereinafter referred to as "Title VII").

2.      This Court has jurisdiction pursuant to Section 504 of the Rehabilitation Act of 1973,

        29 U.S.C. § 794 (hereinafter referred to as the "Rehabilitation Act").

3.      This Court further has jurisdiction pursuant to the Family and Medical Leave Act, 29

        U.S.C. §§ 2615, *et seq.* (hereinafter referred to as "FMLA").

4.      That all the actions complained of herein took place at the United States Internal

        Revenue Service (hereinafter referred to as "IRS"), headquartered in Washington,

        D.C.

5.      That IRS is an agency of the Dept. of Treasury, headquartered in Washington, D.C.

6.      That the Dept. of Treasury is a federal government agency employing fifty (50) or

        more persons, and is an "employer" within the meaning of Title VII, the

        Rehabilitation Act, and FMLA.

7.      In accordance with federal law, Plaintiff has properly exhausted her administrative

        remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

8.      Plaintiff's race is female. Defendant IRS was aware at all times herein of Plaintiff's

        gender.

9.      Plaintiff's disability is depression. Defendant IRS was aware at all times herein of

        Plaintiff's disability.

10.     Defendant IRS hired Plaintiff in 1983. Since November 13, 2005, Plaintiff has served

as a Senior Tax Analyst, GS-0501-14 for the "Small Business, Self-Employed"

Specialty Program Support section (hereinafter referred to as "SBSE").

11.     At all times relevant herein, Plaintiff's annual income was approximately one

hundred twenty-seven thousand five hundred dollars ($127,500.00).

12.     Plaintiff's job duties as Senior Tax Analyst included, without limitation, analyzing

training programs and drafting hiring procedures and operational guides.

13.     From approximately December 1, 2013 to January 9, 2015, Kenneth Hochgraf (male

without any known disabilities), Supervisory Internal Revenue Agent, served as

Plaintiff's immediate supervisor. From approximately December 1, 2013 to

November 1, 2014, Larry Porter (male without any known disabilities), Program

Manager, served as Plaintiff's second-level supervisor. From approximately

November 1, 2014 to April 2, 2015, Jacquenette Ward (female without any known

disabilities), Program Manager, served as Plaintiff's second-level supervisor.

14.     Plaintiff received an "Exceeds Expectations" for the fiscal year 2012 performance

appraisal. Consequently, on or about November 18, 2012, Plaintiff received a

performance award.

15.     Plaintiff received an "Outstanding" rating for the fiscal year 2013 performance

appraisal. Consequently, on or about March 9, 2014, Plaintiff received a performance

award.

16.     From approximately April 6 to August 4, 2014, Plaintiff went on a Presidential

Management Council Detail ("PMC") with the U.S. Department of Agriculture

("USDA"), designed for high-potential employees. Mr. Hochgraf and Mr. Porter

recommended Plaintiff for said Detail, thereby demonstrating she was meeting and/or exceeding Defendant's legitimate work expectations at all times relevant hereto.

17.    From approximately August 8, 2014 to October 11, 2014, Plaintiff exercised continuous FMLA leave to care for a family member's (mother's) serious medical condition (multiple myeloma and respiratory failure).

18.    From approximately October 11 to 28, 2014, Plaintiff exercised intermittent FMLA leave to care for her mother's serious medical condition, *supra*.

19.    On October 23, 2014, Plaintiff was denied holiday pay for the Labor Day Holiday (September 1, 2014).

20.    On or about October 28, 2014, Plaintiff found out she was not given the opportunity to complete a self-assessment for the fiscal year 2014 performance appraisal.

21.    On October 31, 2014, Mr. Hochgraf did not approve Plaintiff for five (5) credit hours (hours which Plaintiff spent performing job duties) worked during the week of October 27, 2014.

22.    On October 31, 2014, Mr. Hochgraf called Plaintiff and stated "expect a little surprise in your [email] inbox." Immediately thereafter (on October 31, 2014), Plaintiff was issued three (3) inaccurate and unreasonable performance memoranda and received the same via electronic mail.

23.    On November 7, 2014, Plaintiff received only a "met expectations" in her fiscal year 2014 performance appraisal. As a result, Plaintiff did not receive a performance award and her career progression was hindered, thereby constituting an adverse job action. Prior to Plaintiff's receipt of this performance appraisal, she was not counseled for alleged performance deficiencies.

24.     On or about November 7, 2014, Mr. Hochgraf changed Plaintiff's time in

        Defendant's Single Entry Time Recording ("SETR") system.

25.     On November 13, 2014, Plaintiff received a fourth (4th) inaccurate and unreasonable

        memorandum. Because Plaintiff received several poor performance memoranda and a

        lowered 2014 performance appraisal. Plaintiff became unqualified to participate in

        the Frontline Manager Readiness Program ("FLRP"), a two (2)-year program which

        would have given Plaintiff at least an eight percent (8%) salary increase. This

        substantially affected the terms and conditions of Plaintiff's employment with

        Defendant, both financially and emotionally.

26.     On or about November 18, 2014, Plaintiff learned that in approximately June of 2014,

        her access to the "Sharepoint Site" (where she stored her resources, directories, and

        guides) had been disabled.

27.     On or about November 18, 2014, Plaintiff was put "on the spot" during a staff

        meeting. As soon as the meeting began (prior to staff member introductions), Mr.

        Hochgraf demanded that she advise the group on her work progress, thereby putting

        Plaintiff in a humiliating and anxious position.

28.     In December of 2014, Mr. Hochgraf rewrote Plaintiff's fiscal year 2015

        "commitments," *e.g.* performance objectives linked to the employee's program

        assignments, thereby substantially affecting the terms and conditions of Plaintiff's

        employment with Defendant.

29.     In or about December of 2014, as a result of being subjected to the above-described

        adverse job actions, Plaintiff requested a job reassignment. On or about April 2, 2015,

        Plaintiff was reassigned to SBSE's Leadership Development Group.

**COUNT I**
**DISCRIMINATION ON THE BASIS OF GENDER**
**(Disparate Treatment)**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000e, *et seq.***

30.     Plaintiff hereby restates and incorporates paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.     Plaintiff is a member of a protected class, female, at the time the subject discriminatory acts took place.

32.     Plaintiff was qualified and satisfactorily performing her duties as a Senior Tax Analyst.

33.     That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her gender (female) – a protected class under Title VII.

34.     That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

35.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender (female).

36.     That similarly situated employees outside the protected class, including, but not limited to, Richard Warren (male), supervised by Mr. Hochgraf, were treated more favorably than Plaintiff because they were not subjected to adverse employment actions which Plaintiff endured, including, but not limited to, denial of holiday pay and receipt of numerous inaccurate and unreasonable performance memoranda resulting in lack of performance award and salary increase.

37.     That the discriminatory actions, as set forth above, have caused and will continue to

cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress,

humiliation, mental anguish, and attorney's fees and litigation costs.

38.     That the intentional discriminatory actions of Defendant, as alleged above, were done

with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT II**
**DISCRIMINATION ON THE BASIS OF DISABILITY**
**(DEPRESSION)**
**The Rehabilitation Act of 1973**
**29 U.S.C. § 791, *et seq.***

39.     Plaintiff hereby restates and incorporates paragraphs 1 through 29 of this Complaint

as though fully set forth herein.

40.     That Plaintiff has a "disability" as that term is defined in the Rehabilitation Act as she

suffers from depression.

41.     At all times relevant herein, Defendant was aware of Plaintiff's disability. In or about

June of 2014, Plaintiff advised Mr. Hochgraf that she was taking care of her mother

in the hospital under extreme conditions. In or about July of 2014, Plaintiff utilized

Defendant's Employee Assistant Program ("EAP") to cope with her depression. On

August 1, 2014, Plaintiff cried and explained the severity of her mother's health

condition to Mr. Hochgraf. In or about October of 2014, Plaintiff told Mr. Hochgraf

and Mr. Porter that she was "incapacitated," "very desperate for help," and was going

through a "desperate time" in her life.  In or about November of 2014, Plaintiff had a

meeting with Ms. Ward and explained she was depressed and sought counseling.

42.    That similarly situated employees outside the protected class, including, but not

limited to, Kim DiFabio, Edith Dairy, Theresa Wright, Catherine Cross, Monique

Jackson, and Richard Warren (without known disabilities and supervised by Mr.

Hochgraf), were treated more favorably than Plaintiff because they were not

subjected to adverse employment actions which Plaintiff endured, including, but not

limited to, denial of holiday pay and receipt of numerous inaccurate and unreasonable

performance memoranda resulting in lack of performance award and salary increase.

43.    That the intentional discriminatory actions complained of above were done with

malice and/or with reckless indifference to Plaintiff's rights.

44.    As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff

has suffered lost wages, emotional distress, humiliation, mental anguish, attorney's

fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## RETALIATION
### Family Medical Leave Act of 1993, as amended
### 29  U.S.C. §§ 2601, *et seq.*

45.    Plaintiff hereby restates and incorporates paragraphs 1-29 of this Complaint as though

fully set forth herein.

46.    The FMLA provides, *inter alia*, that an eligible employee is entitled to up to twelve

(12) workweeks of continuous and/or intermittent leave during any twelve (12) month

period in order to care for a family member's serious health condition.

47.    At the time Plaintiff requested continuous family medical leave, her mother was

suffering from a serious health condition - multiple myeloma and respiratory failure.

48.     Defendant was aware of the circumstances surrounding Plaintiff's mother's serious medical condition. From approximately August 8 to October 11, 2014, Plaintiff exercised continuous FMLA leave to care for her mother's serious medical condition. From approximately October 11 to 28, 2014, Plaintiff exercised intermittent FMLA leave to care for her mother's serious medical condition.

49.     In requesting and taking the subject family medical leave, Plaintiff was exercising, or attempting to exercise, her lawful rights under the FMLA.

50.     On October 23, 2014, Plaintiff was denied holiday pay for the Labor Day Holiday (September 1, 2014).

51.     On or about October 28, 2014, Plaintiff found out she was not given an opportunity to complete a self-assessment for the fiscal year 2014 performance appraisal.

52.     On October 31, 2014, Mr. Hochgraf did not approve Plaintiff for five (5) credit hours (hours which Plaintiff spent performing job duties) worked during the week of October 27, 2014.

53.     On October 31, 2014, Mr. Hochgraf called Plaintiff and stated "expect a little surprise in your [email] inbox." Immediately thereafter (on October 31, 2014), Plaintiff was issued three (3) inaccurate and unreasonable performance memoranda and received the same via electronic mail.

54.     On November 7, 2014, Plaintiff received only a "met expectations" in her fiscal year 2014 performance appraisal. Consequently, Plaintiff did not receive a performance award and her career progression was hindered.

55.     On or about November 7, 2014, Mr. Hochgraf changed Plaintiff's time in Defendant's Single Entry Time Recording ("SETR") system.

56.    On November 13, 2014, Plaintiff received a fourth (4th) inaccurate and unreasonable memorandum. Because Plaintiff received several poor performance memoranda and a lowered 2014 performance appraisal, Plaintiff became unqualified to participate in the Frontline Manager Readiness Program ("FLRP"), a two (2)-year program which would have given Plaintiff at least an eight percent (8%) salary increase.

57.    Defendant issuing Plaintiff a "met expectations" 2014 performance appraisal and several poor performance memoranda merely served as a pretext to mask retaliatory animus. Prior to Plaintiff taking FMLA leave, she received a performance award and was recommended for and participated in the Presidential Management Council Detail ("PMC") with the U.S. Department of Agriculture ("USDA"). Had Plaintiff's work performance been an issue, she would have neither received a performance award nor been recommended for said Detail.

58.    In December of 2014, Mr. Hochgraf rewrote Plaintiff's fiscal year 2015 "commitments," *e.g.* performance objectives linked to the employee's program assignments, thereby substantially affecting the terms and conditions of Plaintiff's employment with Defendant.

59.    Defendant took the above-described adverse job actions against Plaintiff because she exercised, or attempted to exercise, her lawful rights under the FMLA.

60.    Defendant's unlawful conduct, as set forth above, was willful and wanton, and/or was done with malice or in reckless disregard for Plaintiff's rights under the FMLA.

61.    Defendant's retaliatory conduct proximately caused economic and non-economic damages to Plaintiff, including severe emotional distress and lost wages.

62.    Defendant's retaliatory conduct was in violation of the FMLA, 29 U.S.C. § 2615.

63.     Defendant's unlawful conduct, as set forth above, was not in good faith and

Defendant lacked reasonable grounds for believing that this conduct was not a

violation of 29 U.S.C. § 2615.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Cynthia F. Stevenson, Plaintiff, demands

judgment against Defendant, Jacob J. Lew, Secretary (official capacity), U.S. Department of

Treasury (Internal Revenue Service) as follows:

a.  $300,000.00 as compensatory damages;

b.  Prejudgment and post judgment interest;

c.  Award attorney's fees and costs, including expert witness fees, as allowed by law;

d.  Award a sum equal to Plaintiff's economic damages as liquidated damages for

Defendant's violation of the FMLA which was not in good faith and was done

without reasonable grounds for believing that such conduct was not in violation of the

FMLA; and

e.  And for such other and further relief as this Honorable Court deems just and

equitable.

Respectfully Submitted,

_____/s/_____
Paul V. Bennett, Esq. (DC Bar No. 427358)
Bennett and Ellison, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com

*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Cynthia F. Stevenson, Plaintiff, hereby demands that this matter be tried by jury.


_____ /s/_____
Paul V. Bennett, Esq. (DC Bar No. 427358)