## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA F. STEVENSON, )<br><br>Plaintiff, )<br><br>v. )<br><br>STEVEN TERNER MNUCHIN, )<br>Secretary of the Treasury, )<br><br>Defendant. ) | Civil A. No. 16-2111 (RJL) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Cynthia F. Stevenson, and defendant, Steven Terner Mnuchin, in his official capacity as the Secretary of the Treasury ("Agency"), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms. Plaintiff and Agency are hereafter referred to collectively as the "parties" and separately as a "party."

1.  <u>Settlement Payment</u>.  Defendant shall pay plaintiff the total sum of Two Thousand Dollars and Zero Cents ($2,000.00). This payment shall be made by an electronic transfer of funds as specified in instructions provided to defendant's counsel by plaintiff's counsel in writing.  Payment shall be made as promptly as practicable, consistent with the normal processing procedures

followed by the Department of Justice and the Department of the Treasury,

following the dismissal of the above-captioned civil action pursuant to Paragraph 2

hereof.  Plaintiff and plaintiff's counsel shall co-operate with defendant to insure

that all documentation required to process this payment is complete and accurate.

This payment is inclusive of plaintiff's attorney's fees, costs, and other litigation

expenses, and defendant shall have no further liability for those fees, costs, and

expenses.  Plaintiff and plaintiff's counsel shall be responsible for the distribution

of the payment among themselves.

2.    Dismissal of Claims.  Filing of the fully executed Stipulation with the

Court shall constitute a dismissal of the above-captioned civil action with prejudice

pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court may retain

jurisdiction to enforce the terms of this Stipulation.

3.    Release.  This Stipulation provides for the full and complete

satisfaction of all claims which have been or could have been asserted by plaintiff

in the above-captioned civil action, including without limitation all claims for

compensatory damages, back pay, front pay, costs, attorney's fees, and interest or

other compensation for delay, and plaintiff agrees not to hereafter assert any claim

or institute or prosecute any civil action or other proceeding against the defendant,

the Agency, or the United States, its agencies or officials, or its present or former

employees or agents, in either their official or individual capacities, with respect to

any event complained of therein.  Furthermore, plaintiff hereby fully and forever

releases and discharges the defendant, the Agency, and the United States, its

agencies and officials, and its present and former employees and agents, in their

official and individual capacities, from any and all rights and claims of every kind,

nature, and description, whether presently known or unknown, which plaintiff now

has or may have, or may hereafter have, arising out of or in connection with any

event occurring on or before the date on which she has executed this Stipulation,

including without limitation events relating to plaintiff's employment by the

Agency and claims for emotional distress or personal injury, and any and all rights

or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of

1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act

of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit

Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical

Leave Act of 1993, all as amended and currently in effect.  In connection with this

release, plaintiff acknowledges that she is aware that she may hereafter discover

rights or claims presently unknown and unsuspected, or facts in addition to or

different from those which she now knows with respect to the rights and claims

released herein.  Nevertheless, plaintiff agrees, through this Stipulation, to settle

and release all such rights and claims; provided, however, that nothing in this

Stipulation shall affect: (i) any rights or claims that may arise after the date

plaintiff signs this Stipulation, except for claims involving alleged discriminatory

compensation decisions or practices that occurred before the date plaintiff signs

this Stipulation which may affect plaintiff's future compensation, or (ii) plaintiff's

right or entitlement to any retirement, health, or similar employee benefits that are

available generally to present and former Agency employees based on their federal

service.

4.     No Assignment.  Plaintiff represents and warrants that she is the sole

lawful owner of all the rights and claims which she has settled and released herein,

and that she has not transferred or assigned any of those rights and claims or any

interest therein.  Plaintiff shall indemnify, hold harmless, and defend the defendant,

the Agency, and the United States, its agencies and officials, and its present and

former employees and agents, in their official and individual capacities, from and

against any transferred, assigned, or subrogated interests in those rights and claims.

5.     No Admission of Liability.  This Stipulation does not constitute and

shall not be construed as an admission of discrimination or retaliation on the part

of the defendant, the Agency, or the United States or any of its agencies or officials

or present or former employees or agents, and is entered into by both parties for the

purpose of compromising disputed claims and avoiding the expense and risk of

further litigation.  This Stipulation shall not be used as evidence or as precedent in

any civil or administrative proceeding against the defendant, the Agency, or the

United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

6. <u>Tax Consequences</u>.  Plaintiff acknowledges that she has not relied on any representations by defendant or defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of defendant hereunder.  Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to plaintiff.

7. <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

8. <u>Amendments</u>.  The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

9.    Construction.  The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

10.    Headings.  The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

11.    Severability.  The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

12.    Further Assurances.  Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

13.    Right to Cure.  If either plaintiff or defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach.  The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim.  The parties shall make a good faith

effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

14.     Execution.  This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

15.     Governing Law.  This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

16.     Binding Effect.  Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns.  Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.


///[signatures on following page]///

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

_____
CYNTHIA F. STEVENSON

Date:
_____


_____
PAUL V. BENNETT, Esq.
D.C. Bar # 427358
Bennett and Ellison, P.C.
133 Defense Hwy., Ste. 209
Annapolis, MD 21401
(410) 974-6000
pbennett@belawpc.com

Date:
_____

JESSIE K. LIU
D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

By: _____
JASON T. COHEN
ME Bar # 004465
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 252-2523
Jason.Cohen@usdoj.gov

Date: 12/14/2018
_____


SO ORDERED on this _____ day of December, 2018


_____
UNITED STATES DISTRICT JUDGE

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound,

have executed this Stipulation on the dates shown below.

CYNTHIA F. STEVENSON

Date: 12/14/2018

PAUL V. BENNETT, Esq.
D.C. Bar # 427258
Bennett and Ellison, P.C.
133 Defense Hwy., Ste. 209
Annapolis, MD 21401
(410) 974-6000
pbennett@belawpc.com

Date: 12/18/18

JESSIE K. LIU
D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar # 924092
Chief, Civil Division

By: _____
JASON T. COHEN
ME Bar # 004465
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 252-2523
Jason.Cohen@usdoj.gov

Date: 12/14/2018

SO ORDERED on this _____ day of December, 2018

_____
UNITED STATES DISTRICT JUDGE